IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC DAVIS, *on behalf of himself and others similarly situated*,<br><br>     Plaintiff,<br><br>   v.<br><br>T&T HART, INC.; ANTHONY LEE HART; and TINA HART,<br><br>     Defendants. | CIV. ACTION NO. |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Eric Davis, on behalf of himself and others similarly situated, brings this complaint for damages and other relief against Defendants T&T Hart, Inc.; Anthony Lee Hart; and Tina Hart and states and alleges as follows:

### INTRODUCTION

1. This is a collective action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### PARTIES

2. Named Plaintiff is a resident of Douglas County, Georgia.

3. Named Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

4. A true and correct copy of Named Plaintiff's signed consent form is attached as Exhibit A.

5. Opt-In Plaintiff Brandon Lee has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

6. A true and correct copy of Opt-In Plaintiff Brandon Lee's signed consent form is attached as Exhibit B.

7. Opt-In Plaintiff Chris Taylor has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

8. A true and correct copy of Opt-In Plaintiff Chris Taylor's signed consent form is attached as Exhibit C.

9. Opt-In Plaintiff John Taylor has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

10. A true and correct copy of Opt-In Plaintiff John Taylor's signed consent form is attached as Exhibit D.

11. Opt-In Plaintiff Kenneth Avery has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

12. A true and correct copy of Opt-In Plaintiff Kenneth Avery's signed consent form is attached as Exhibit E.

13. Opt-In Plaintiff Mike Rogers has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

14. A true and correct copy of Opt-In Plaintiff Mike Rogers' signed consent form is attached as Exhibit F.

15. Defendant T&T Hart, Inc. ("Defendant T&T Hart") is a domestic Georgia corporation.

16. Defendant T&T Hart's principal office address is 5175 Hollyhock Road, Douglasville, Georgia 30135.

17. Defendant T&T Hart's registered agent is Defendant Tina Hart.

18. Defendant Anthony Hart is Chief Financial Officer and Secretary of Defendant T&T Hart.

19. Defendant Tina Hart is Chief Executive Officer of Defendant T&T Hart.

**JURISDICTION AND VENUE**

20. The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

21. Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper in the Atlanta Division of the United States District Court for the Northern District of

Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within this Division and District.

22. In the three years prior to the filing of this complaint, Defendant T&T Hart has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

23. In the three years prior to the filing of this complaint, Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

24. Defendant T&T Hart had an annual gross volume of sales made or business done in excess of $500,000 in 2011.

25. Defendant T&T Hart had an annual gross volume of sales made or business done in excess of $500,000 in 2012.

26. Defendant T&T Hart had an annual gross volume of sales made or business done in excess of $500,000 in 2013.

27. Defendant T&T Hart's annual gross volume of sales made or business done in 2014 will exceed $500,000.

28. Defendants employed Named Plaintiff and others similarly situated, who were engaged in interstate commerce and/or in the production of goods for commerce.

## COUNT I: FAILURE TO PAY OVERTIME

29. Named Plaintiff and others similarly situated are individuals who were paid an hourly wage by Defendant T&T Hart in exchange for performing maintenance, cleaning, repair, and other manual work during the three years preceding the filing of the complaint in this action.

30. During the previous three years, Defendants Anthony Hart and Tina Hart have been and continue to be officers and owners of Defendant T&T Hart.

31. During the previous three years, Defendant Anthony Hart had operational control of Defendant T&T Hart.

32. During the previous three years, Defendant Tina Hart had operational control of Defendant T&T Hart.

33. Defendant Anthony Hart was a joint employer of Named Plaintiff and others similarly situated pursuant to the FLSA.

34. Defendant Tina Hart was a joint employer of Named Plaintiff and others similarly situated pursuant to the FLSA.

35. Named Plaintiff and others similarly situated were paid an hourly wage for their work.

36. Named Plaintiff and others similarly situated worked full-time schedules for Defendants.

37. Named Plaintiff and others similarly situated routinely worked in excess of 40 hours per week for Defendants.

38. Defendants did not pay Named Plaintiff and others similarly situated at a rate greater than or equal to one and one-half times their regular rate for their overtime hours.

39. Defendants regularly suffered and permitted Named Plaintiff and others similarly situated to perform work for which they received no compensation at all.

40. Named Plaintiff and others similarly situated often were unable to take a bona fide lunch break during the course of their workdays.

41. Defendants lacked reasonable grounds for believing their pay practices comported with the requirements of the FLSA.

42. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

43. Named Plaintiff and others similarly situated seek damages in the amount of their unpaid overtime wages, liquidated damages, and such other legal and equitable relief as the Court deems proper.

44. Named Plaintiff and others similarly situated also seek the recovery of their attorney's fees and costs as provided by the FLSA.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Named Plaintiff and others similarly situated respectfully pray that:

a. The Court certify this case as a collective action under the FLSA;

b. The Court enter judgment in favor of Named Plaintiff and others similarly situated;

c. The Court enter judgment against Defendants that their violations of the FLSA were willful;

d. The Court award Named Plaintiff and others similarly situated all unpaid wages, as provided for by the FLSA;

e. The Court award Named Plaintiff and others similarly situated liquidated damages equal to the amount of their unpaid wages, as provided for by the FLSA;

f. The Court award Named Plaintiff and others similarly situated reasonable costs and attorney's fees, as provided for by the FLSA; and

g. The Court grant Named Plaintiff and others similarly situated such other relief as the Court deems just and proper.

Dated:  February 21, 2014

                        Respectfully submitted,

| | |
|---|---|
| **MAYS & KERR LLC** | s/Jeff Kerr |
| 235 Peachtree Street NE | Jeff Kerr |
| North Tower \| Suite 202 | Ga. Bar No. 634260 |
| Atlanta, GA 30303 | jeff@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:   (877) 813-1845 | Winfield Murray |
| Attorney for Plaintiff | Ga. Bar. No. 532404 |
| | winfield@maysandkerr.com |