IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC DAVIS, CHRIS TAYLOR, JOHN TAYLOR, MIKE HAMILTON, and STEVE HARRINGTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>T&T HART, INC.; ANTHONY LEE HART; and TINA HART,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:14-CV-00525-MHC |

**JOINT MOTION FOR REVIEW AND APPROVAL
OF SETTLEMENT AND RELEASE AGREEMENT**

COME NOW Plaintiffs and Defendants, and jointly move this Court for a review and approval of their Settlement Agreement and Full and Final Release of All Claims. As grounds for this motion, the Parties show as follows:

Plaintiffs filed their Complaint on February 21, 2014, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* (Doc. 1). Plaintiffs amended their Complaint on October 7, 2014 to remove the collective component of the original Complaint in order to proceed as individual Plaintiffs. (Doc. 37).

In their Answer, Defendants denied all material allegations and asserted defenses to all of Plaintiffs' claims. (Doc. 20).

1

During Discovery, the Parties exchanged documents, including payroll records, and engaged in settlement discussions, enabling each party to understand and assess the detail and substance of their respective claims and defenses.

On April 23, 2015, the Parties moved the Court to stay Discovery so that the Parties could attend Mediation. (Doc. 56). The Court granted the Parties' Motion and stayed discovery until June 1, 2015. (Doc. 57).

On May 19, 2015, the Parties' attended Mediation, and based upon the understandings and assessments of each party, the Parties negotiated and entered, acting at arms' length, in good faith, and with the advice of counsel, into an agreement that would be a full and final release of all claims, attached hereto as Exhibit 1.

If approved, the Settlement Agreement will provide Plaintiffs with monetary consideration substantially equivalent to what they might have been awarded, while considering the risk of a judgment in Defendants' favor. The Parties agree that there are significant questions of law and fact in dispute in this case which reduce Plaintiffs' probability of success on the merits. In fact, the Parties agree that application of the law to the facts of this case at trial *may* result in a decision that Defendants are not liable to Plaintiffs under the FLSA. Because there exists some evidence that Defendants: (1) properly classified Plaintiffs as independent

contractors; (2) had a good faith belief Plaintiffs were correctly classified as independent contractors and exempt from overtime; (3) that some Plaintiffs received additional compensation that diminished any additional wages allegedly owed; and 4) had evidence that not all of the time claimed by Plaintiffs were, in fact, in excess of forty (40) hours in a week.

Plaintiffs acknowledge that there is a bona fide dispute as to the amount of recovery, if any, they are entitled to receive. Through significant investigation, discovery, negotiations, and mediations, the Parties have reached an informed and reasonable resolution of this matter. The Parties agree that if they continue to litigate the instant claims, they would be forced to engage in further costly litigation. The Parties further agree that this settlement is a reasonable means for both Parties to minimize future risks and litigation costs. Therefore, with advice of counsel, the Parties have elected to enter into the Settlement Agreement before the Court for approval, and they are satisfied with the terms and conditions contained therein.

The Parties agree to the amounts to be paid to Plaintiffs' attorneys, and therefore, no judicial scrutiny of the attorneys' fees is required. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *3-4 (M.D. Fla. Dec. 26, 2006) (the FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling an individual action). Should judicial

approval of the fee be required, Plaintiffs' counsel would show that counsels' fee is appropriate based on the circumstances of this case. Counsel for the Parties first arrived at an agreement with respect to the amount to be paid to Plaintiffs without discussing the amount that Plaintiffs' counsel would be seeking in attorneys' fees. After that agreement was finalized, counsel then negotiated a compromise agreement with respect to the fees to be paid to Plaintiffs' counsel. Furthermore, the Parties agree that, under the circumstances of this case, Plaintiffs' attorneys' negotiated compromise fee is commensurate with the amount of time and resources, multiplied by an appropriate rate, they have invested in this case drafting pleadings and other documents, performing factual investigations, negotiating this settlement, and other matters.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Parties submit that judicial approval is required to give effect to Plaintiffs' release of their FLSA claims, which is material to the enforceability Settlement Agreement.

WHEREFORE, the Parties move this Court for a review and approval of their Settlement Agreement.  A proposed Order is attached hereto.

Respectfully submitted, this 25th day of August, 2015.

| | |
|---|---|
| /s/ Meredith J. Carter | /s/ Jay Shreenath |
| Meredith J. Carter | Jay Shreenath |
| Georgia Bar No. 325422 | Georgia Bar No. 629894 |
| | |
| **MAYS & KERR LLC** | |
| 235 Peachtree Street NE | 5193 Austell Road |
| North Tower, Suite 202 | Austell, Georgia 30106 |
| Atlanta, Georgia 30303 | Telephone:  (678) 467-4645 |
| Telephone: (404) 410-7998 | Facsimile:   (770) 941-8869 |
| Facsimile: (404) 855-4066 | jayshreenath@bellsouth.net |
| meredith@maysandkerr.com | |
| | Attorney for Defendants |
| Attorneys for Plaintiffs | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC DAVIS, CHRIS TAYLOR, JOHN TAYLOR, MIKE HAMILTON, and STEVEN HARRINGTON,<br><br>         Plaintiffs,<br><br>    v.<br><br>T&T HART, INC.; ANTHONY LEE HART; and TINA HART,<br><br>         Defendants. | CIVIL ACTION NO.:<br>1:14-cv-00525-MHC |

## CERTIFICATE OF FONT COMPLIANCE
## REQUIRED BY LOCAL RULE 7.1D AND SERVICE

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B.  Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed the foregoing MOTION FOR SETTLMENT APPROVAL with the Clerk of Court using the CM/ECF system which will automatically send email or other notification of such filing to the following attorneys of record:

                                       Jay Shreenath
                                       5193 Austell Road
                                       Austell, GA 30106

This 25th day of August, 2015.

                                                       /s/ Meredith J. Carter
                                                       Meredith J. Carter
                                                       Georgia Bar No. 325422