**EXHIBIT 1**

# SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and between the following Parties: ERIC DAVIS, JOHN TAYLOR, CHRIS TAYLOR, MIKE HAMILTON, and STEVE HARRINGTON (hereinafter "Plaintiffs") and T&T HART, INC., TONY HART AND TINA HART (hereinafter "Defendants"):

## BACKGROUND INFORMATION

A. On February 21, 2014, Plaintiffs filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Eric Davis, on behalf of himself and others similarly situated v. T&T Hart, Inc.; Anthony Lee Hart; and Tina Hart*, Civil Action No. 1:14-CV-00525-MHC (hereinafter referred to as the "Litigation"), which action arises out of, or relates to, the employment of, or work performed by Plaintiffs.

B. Pursuant to the Litigation, Plaintiffs claim that Defendants, intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendants deny these allegations.

C. Plaintiffs and Defendants desire to enter into an agreement resolving and settling all claims by Plaintiffs against Defendants and all those to be released in this Agreement, reciting the following terms and conditions.

D. Plaintiffs warrant and represent that they have not assigned any of their claims against Defendants or any other person or entity to be released in this Settlement Agreement and that no attorneys other than the law firm of Mays & Kerr LLC, have a claim for attorneys' fees and/or costs arising from Plaintiffs' claims released in this Agreement.

E. This Agreement constitutes a good faith settlement of all of Plaintiffs' disputed claims against Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that Defendants, or any of their officials, directors, officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiffs or any other person at any time.

1

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

## STATEMENT OF AGREEMENT

The Parties hereby acknowledge, and rely upon as material to this agreement, the accuracy of the above Background Information and hereby agree as follows:

1. <u>Consideration</u>. In consideration of this Settlement Agreement and Full and Final Release of All Claims and other good and sufficient consideration, including Plaintiffs' agreement to dismiss with prejudice the Litigation, Defendants will tender to Plaintiff the gross amount of **Thirty-Five Thousand Dollars ($35,000)** payable as follows by delivery to the attention of Plaintiffs' counsel of record on or before August 19, 2015, after the Parties have signed this Agreement and after the Agreement is approved by the Court (subject to the provisions below):

   a. **<u>Eric Davis</u>:** **$5,500.00** (less withholdings and deductions) payable as unpaid overtime wages and **$5,500.00** (with no withholdings or deductions) payable as liquidated damages (IRS Form 1099);

   b. **<u>John Taylor</u>:** **$250.00** (less withholdings and deductions) payable as unpaid overtime wages and **$250.00** (with no withholdings or deductions) payable as liquidated damages (IRS Form 1099);

   c. **<u>Chris Taylor</u>:** **$250.00** (less withholdings and deductions) payable as unpaid overtime wages and **$250.00** (with no withholdings or deductions) payable as liquidated damages (IRS Form 1099);

   d. **<u>Mike Hamilton</u>: $1,000.00** (less withholdings and deductions) payable as unpaid overtime wages and **$1,000** (with no withholdings or deductions) payable as liquidated damages (IRS Form 1099);

   e. **<u>Steve Harrington</u>: $500.00** (less withholdings and deductions)

    payable as unpaid overtime wages and **$500.00** (with no withholdings or deductions) payable as liquidated damages (IRS Form 1099);

  f. **Mays & Kerr LLC**: **$20,000.00** payable for attorneys' fees and expenses of the Litigation.

The settlement amounts paid to Plaintiffs for their alleged unpaid wages in Section (a) shall be paid by check payable to Plaintiffs in the amounts stated above, less all applicable taxes and other required or authorized wage withholdings and employer tax payments and reported on IRS form W-2 and its state tax equivalent ("W-2 payments"). The settlement amounts paid to Plaintiffs for their alleged FLSA liquidated damages in Section (b) shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check payable to Plaintiffs in the amounts stated above and reported on IRS Form 1099-MISC and its state tax equivalent. Plaintiffs represent and warrant that the payments set forth in Sections (a) through (e) constitute payment of one hundred percent (100%) of Plaintiffs' claims for alleged unpaid back wages and unpaid liquidated damages under the FLSA net of any attorneys' fees and costs. The settlement amounts paid to Plaintiffs' counsel of record for fees and costs under Section (f) constitute payment of Plaintiffs' attorney's fees and costs on all claims under the FLSA and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, which shall be a 1099 Payment paid in a check made payable to Mays & Kerr LLC in the amount stated above on IRS Form 1099-MISC. Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Prior to any payments set forth above, Plaintiffs' attorneys shall provide Defendants with an IRS form W-9 reflecting Plaintiffs' attorneys' tax identification number and W-9s for Plaintiffs.

  2. <u>Settlement Approval</u>. All Parties agree that, upon execution of this Agreement, through the use of the joint motion attached hereto as Attachment A, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. If the District Court does not approve this Agreement, the Parties agree that the terms, conditions, and provisions contained herein are null, void, and without

any legal effect. However, the parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised Agreement for approval by the Court.

3. <u>Dismissal of Litigation</u>. Upon judicial approval of the Agreement and Plaintiffs' attorneys' receipt of the payments as described above, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment B, with the Court within three (3) business days.

4. <u>Non-Disparagement</u>. The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

5. <u>Mutual Release & Waiver of All Claims</u>. In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, their heirs and assigns, hereby RELEASE AND FOREVER DISCHARGE Defendant and their predecessor and their parents, subsidiaries, affiliates, owners, trustees, officers, administrators, agents, attorneys, managers, employees, personally and in their respective capacities, their heirs and assigns, and any other person or entity representing or succeeding to any such person or entity (collectively, "Defendants"), from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which they may now have against them, either individually, jointly, or severally, before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Agreement; which Agreement specifically shall include the release of any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, her employment with or separation from employment with Defendants, including, but not limited to, claims under the FLSA; Title VII of the Civil Rights Act of 1964; Age Discrimination in Employment

Act ("ADEA"); 42 U.S.C. §1981; the Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Employee Retirement Income Security Act of 1974 ("ERISA"); and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise. Plaintiff further agrees that she will not attempt (or authorize an attempt) to re-initiate in a court or in arbitration, the FLSA claims and any other claims hereby released in any manner, and waives the right to any monetary recovery in any lawsuit or administrative proceeding, whether brought by herself or by the EEOC, arising out of, either directly or indirectly, their employment with or separation from employment with Defendants. The foregoing release only applies to claims existing as of Plaintiffs' execution of this Agreement or earlier.

In exchange for good and valuable consideration, the receipt of which is hereby acknowledged, Defendants hereby RELEASE AND FOREVER DISCHARGE Plaintiffs, and their heirs and assigns, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which Defendants may now have against Plaintiffs before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Agreement.

      6. <u>Entire Release; Full and Final Release</u>. Plaintiffs affirm that the only consideration for their decision to execute and their execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that they fully understand the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that they have consulted legal counsel before executing the Agreement.

      7. <u>Waiver of Reinstatement</u>. Plaintiffs waive any right to reinstatement or future employment with, and they shall not knowingly apply for employment with Defendants.

      8. <u>Agreement Not to be Publicized</u>. The Parties acknowledge and agree that, in order to secure the Court's approval of this Agreement, it must be filed as a public record on the electronic filing system for the United States District Court for the Northern District of Georgia. As a result, this Agreement will be a public record.

However, the Parties hereby agree not to further publicize this Agreement or its terms by, for example, posting the Agreement or its terms on a website, via social media, or any other publicly accessible medium.

9. <u>No Liability</u>. It is further understood and agreed that Defendants expressly deny any and all liability for any and all claims that Plaintiffs may have against them. This Agreement is a compromise settlement of disputed claims, and neither this Agreement itself, nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission of liability or responsibility for any wrongdoing of any kind.

10. <u>Attorneys' Fees/Costs</u>. Except as provided herein, each of the Parties shall bear all attorneys' fees and litigation costs arising from the actions of its own counsel in connection with the Litigation, the negotiation and execution of this Agreement, the matters referred to herein, the filing for approval of this Agreement and its attachments, and all other related matters. Except as otherwise provided herein, under no circumstance may any party hereto be responsible for the payment of any attorneys' fees or litigation costs of another party hereto.

11. <u>Merger</u>. The Parties agree that this Agreement constitutes the entire agreement and the only agreement between the Parties, and any representations or promises not contained herein shall not be binding upon or imputed to the Parties. The Parties agree that this Agreement is the final embodiment of the agreement between them and shall supersede all prior written and oral agreements, understandings, and/or discussions by, between, or among the Parties relating to it or in any way connected with the subject matters of this Agreement.

12. <u>Amendments</u>. Any modification or change to this Agreement must be made in writing and signed by all Parties.

13. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

14.<u>Severability</u>. The Parties agree that in the event any one or more of the provisions of this Agreement shall be or become invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not be affected thereby.

15.<u>Successors</u>. The Parties agree this Agreement shall inure to the benefit of and be binding upon the respective Parties to this Agreement, their successors, trustees, representatives, heirs, administrators, and executors forever.

16.<u>Governing Law</u>. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

17.<u>Counterparts and Copies</u>. This Agreement may be signed in counterparts, and all so executed counterparts shall constitute one agreement which shall be binding on all of the parties hereto, notwithstanding that all of the parties may not have each signed the same signature page. In addition, copies of this Agreement shall have the same force and effect as original documents.

18.**<u>ACKNOWLEDGEMENT</u>. BY THEIR SIGNATURE BELOW, PLAINTIFFS ACKNOWLEDGE AND REPRESENT THAT THEY HAVE READ THIS AGREEMENT COMPLETELY, THAT THEY HAVE BEEN GIVEN A REASONABLE TIME TO REVIEW AND CONSIDER ITS TERMS, THAT THEY HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY AND HAVE BEEN GIVEN SUFFICIENT OPPORTUNITY TO DO SO, THAT THEY HAVE FULLY REVIEWED THE TERMS AND PROVISIONS OF THE AGREEMENT, AND ARE AWARE OF ITS CONTENTS, THAT THEY FULLY UNDERSTAND THE TERMS AND PROVISIONS AND THEIR EFFECT, THAT THEY FULLY UNDERSTANDS THEIR RIGHTS, OBLIGATIONS, AND THE RIGHTS THEY HAVE WAIVED HEREIN, AND THAT THEY FREELY AND VOLUNTARILY ENTERED INTO THIS AGREEMENT. PLAINTIFFS FURTHER ACKNOWLEDGE THAT THE CONSIDERATION PROVIDED UNDER THIS AGREEMENT IS OF VALUE TO THEM AND IS NOT ANYTHING TO WHICH THEY ARE ALREADY ENTITLED.**

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective as of the dates below.

Date: 8-5-15

_____
Eric Davis

Date: 9-14-15

_____
John Taylor

Date: 9-14-15

_____
Chris Taylor    with expressed permission

Date: 8-5-15

_____
Mike Hamilton

Date: 8-5-15

_____
Steve Harrington

Date: 8-5-15

_____
Tony Hart

Date: 8-18-15

_____
Tina Hart

Date: 8-18-15

_____
T&T Hart, Inc.

By: _____

Its: _____

8